MEIERHENRY, Justice
(dissenting).
[¶ 60.] I respectfully dissent. There are too many discrepancies between the certification process of this drug-dog team and the requirements of South Dakota’s law to conclude that it meets the intent and spirit of the law. South Dakota law mandates that a drug dog and handler be recertified annually in compliance with the standards and criteria promulgated by the Commission. See SDCL 23-3-35.5. The Commission has the sole authority to renew a certification in accordance with the promulgated rules. ARSD 2:01:13:02. The rules require the Commission to certify or recertify only after receipt and review of the team’s testing and training records. There is no provision in the law or the rules that permits backdating a recertification.
[¶ 61.] The discrepancies between the requirements of the law and Keya’s testing are numerous. Keya’s certification process did not comply with the following South Dakota Drug Detection Dog Standards: (1) a certified canine judge must perform the evaluation, but Sergeant Buck Duis of the Nebraska State Patrol did not take the written test to become a canine judge as required by the rules nor did Duis testify that he was familiar with the South Dakota standards; (2) South Dakota standards require seven scenarios, but two of the scenarios were not included in Keya’s examination; (3) South Dakota standards require diversions in six of the seven scenarios, but no diversions were noted on the Nebraska score sheet; (4) Handler skills 12 through 21 on all seven scenarios were not completed; (5) the Commission did not review Keya’s score sheet for recertification until June 9, 2006, six months after Keya’s testing and five months after Keya and Oxner’s certification expired; and (6) the Commission backdated the certification.
[¶ 62.] I would conclude that the various deviations from the standards and procedures violate the intent and spirit of the legislation and that Keya was not properly certified under South Dakota standards. The system was established to verify the reliability of canine teams. The use of dogs and their handlers to establish probable cause to search a citizen is no small matter. Consequently, the legislative certification system has to be taken seriously by the Commission and law enforcement. The incentive to follow the law, promulgate rules and procedures, and manage the reliability of the drug dogs and handlers is lost if there is no risk of exclusion. Consequently, I would reverse and suppress the evidence.
[¶ 63.] SABERS, Retired Justice, joins this dissent.